UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION
_____

LOUIS A. GIBBS,

        Petitioner,                       Case No. 2:19-cv-181

v.                                              Honorable Paul L. Maloney

MIKE BITNAR,

        Respondent.
_____/

## **OPINION**

This is a habeas corpus action brought by a state prisoner under 28 U.S.C. § 2254. Promptly after the filing of a petition for habeas corpus, the Court must undertake a preliminary review of the petition to determine whether "it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court." Rule 4, Rules Governing § 2254 Cases; *see* 28 U.S.C. § 2243. If so, the petition must be summarily dismissed. Rule 4; *see Allen v. Perini*, 424 F.2d 134, 141 (6th Cir. 1970) (district court has the duty to "screen out" petitions that lack merit on their face). A dismissal under Rule 4 includes those petitions which raise legally frivolous claims, as well as those containing factual allegations that are palpably incredible or false. *Carson v. Burke*, 178 F.3d 434, 436-37 (6th Cir. 1999). After undertaking the review required by Rule 4, the Court concludes that the petition must be dismissed for lack of subject matter jurisdiction.

## Discussion

### I. Factual allegations

Petitioner Louis A. Gibbs is incarcerated at the Chippewa County Jail in Sault Sainte Marie, Michigan. In July 2010, Petitioner pleaded guilty in the Wayne County Circuit Court to possession with intent to deliver a controlled substance–less than fifty grams under Mich. Comp. Laws § 333.7401(2)(a)(iv). (Pet'r's Br., ECF No. 1-1, PageID.20.) On August 17, 2010, the court sentenced Petitioner to 12 months in jail followed by 2 years on probation. (*Id.*, PageID.20.) Petitioner served the jail sentence and probation without violation. (*Id.*, PageID.21.)

Years later, in 2018, Immigration and Customs Enforcement (ICE) detained Petitioner. (Pet'r's Br., ECF No. 1-1, PageID.21.) Presumably, Petitioner's 2010 conviction qualified as an aggravated felony, and ICE sought to initiate removal proceedings against him. *See* 8 U.S.C. §§ 1101(a)(43)(B), 1227(a)(2)(A)(iii), 1228.

On September 9, 2019, Petitioner filed his habeas corpus petition. Under Sixth Circuit precedent, the application is deemed filed when handed to prison authorities for mailing to the federal court. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002). Petitioner signed his application on September 9, 2019. (Pet., ECF No. 1, PageID.14.) The petition was received by the Court on September 11, 2019. For purposes of this Report and Recommendation, I have given Petitioner the benefit of the earliest possible filing date. *See Brand v. Motley*, 526 F.3d 921, 925 (6th Cir. 2008) (holding that the date the prisoner signs the document is deemed under Sixth Circuit law to be the date of handing to officials) (citing *Goins v. Saunders*, 206 F. App'x 497, 498 n.1 (6th Cir. 2006)).

Petitioner alleges that the appointed counsel in his 2010 criminal case failed to warn Petitioner of the removal consequences upon pleading guilty to possession with intent to deliver a

controlled substance. Had he known of the immigration consequences of pleading guilty, he would have proceeded to trial. Petitioner further implies that he would have challenged evidence used to arrest and convict him on the grounds that it was obtained during an unreasonable search.

The petition raises two grounds for relief, as follows:

I. INEFFECTIVE ASSISTANCE OF COUNSEL.

II. UNREASONABLE SEARCH AND SEIZURE.

(Pet., ECF No. 1, PageID.6-7.)

**II. AEDPA standard**

This action is governed by the Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. 104-132, 110 Stat. 1214 (AEDPA). The AEDPA "prevents federal habeas 'retrials'" and ensures that state court convictions are given effect to the extent possible under the law. *Bell v. Cone*, 535 U.S. 685, 693-94 (2002). An application for writ of habeas corpus on behalf of a person who is incarcerated pursuant to a state conviction cannot be granted with respect to any claim that was adjudicated on the merits in state court unless the adjudication: "(1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based upon an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d). This standard is "intentionally difficult to meet." *Woods v. Donald*, 575 U.S. __, 135 S. Ct. 1372, 1376 (2015) (internal quotation omitted).

The AEDPA limits the source of law to cases decided by the United States Supreme Court. 28 U.S.C. § 2254(d). This Court may consider only the holdings, and not the dicta, of the Supreme Court. *Williams v. Taylor*, 529 U.S. 362, 412 (2000); *Bailey v. Mitchell*, 271 F.3d 652, 655 (6th Cir. 2001). In determining whether federal law is clearly established, the Court may not

3

consider the decisions of lower federal courts. *Lopez v. Smith*, 574 U.S. 1, 4 (2014); *Marshall v Rodgers*, 569 U.S. 58, 64 (2013); *Parker v Matthews*, 567 U.S. 37, 48-49 (2012); *Williams*, 529 U.S. at 381-82; *Miller v. Straub*, 299 F.3d 570, 578-79 (6th Cir. 2002). Moreover, "clearly established Federal law" does not include decisions of the Supreme Court announced after the last adjudication of the merits in state court. *Greene v. Fisher*, 565 U.S. 34, 37-38 (2011). Thus, the inquiry is limited to an examination of the legal landscape as it would have appeared to the Michigan state courts in light of Supreme Court precedent at the time of the state-court adjudication on the merits. *Miller v. Stovall*, 742 F.3d 642, 644 (6th Cir. 2014) (citing *Greene*, 565 U.S. at 38).

A federal habeas court may issue the writ under the "contrary to" clause if the state court applies a rule different from the governing law set forth in the Supreme Court's cases, or if it decides a case differently than the Supreme Court has done on a set of materially indistinguishable facts. *Bell*, 535 U.S. at 694 (citing *Williams*, 529 U.S. at 405-06). "To satisfy this high bar, a habeas petitioner is required to 'show that the state court's ruling on the claim being presented in federal court was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement.'" *Woods*, 135 S. Ct. at 1376 (quoting *Harrington v. Richter*, 562 U.S. 86, 103 (2011)). In other words, "[w]here the precise contours of the right remain unclear, state courts enjoy broad discretion in their adjudication of a prisoner's claims." *White v. Woodall*, 572 U.S. 415, 424 (2014) (internal quotations omitted).

The AEDPA requires heightened respect for state factual findings. *Herbert v. Billy*, 160 F.3d 1131, 1134 (6th Cir. 1998). A determination of a factual issue made by a state court is presumed to be correct, and the petitioner has the burden of rebutting the presumption by clear and

convincing evidence. 28 U.S.C. § 2254(e)(1); *Davis v. Lafler*, 658 F.3d 525, 531 (6th Cir. 2011) (en banc); *Lancaster v. Adams*, 324 F.3d 423, 429 (6th Cir. 2003); *Bailey*, 271 F.3d at 656. This presumption of correctness is accorded to findings of state appellate courts, as well as the trial court. *See Sumner v. Mata*, 449 U.S. 539, 546 (1981); *Smith v. Jago*, 888 F.2d 399, 407 n.4 (6th Cir. 1989).

### III.  Subject Matter Jurisdiction

The federal habeas statute gives this Court jurisdiction to entertain petitions for habeas relief only from persons who are "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2241(c)(3); *see also* 28 U.S.C. § 2254(a). The Supreme Court has clarified "that the habeas petitioner must be 'in custody' under the conviction or sentence under attack at the time his petition is filed." *Maleng v. Cook*, 490 U.S. 488, 490-91 (1989) (citing *Carafas v. LaVallee*, 391 U.S 234, 238 (1968)).

Petitioner implicitly acknowledges that he is not "in custody" now having already discharged his sentence. He claims, instead, that he suffers collateral consequences, in the form of his removability from the United States, that permit this Court to exercise jurisdiction. Petitioner is incorrect. Collateral consequences, such as his removability, may be severe enough to give rise to an ineffective assistance claim should counsel fail to properly advise a defendant before pleading guilty. *See Lee v. United States*, 137 S. Ct. 1958, 1968-69 (2017); *Padilla v. Kentucky*, 559 U.S. 356, 374 (2010). Moreover, collateral consequences may be sufficient to prevent a case from becoming moot upon discharge;[1] but, they are not sufficient to create jurisdiction if the discharge precedes the filing of the petition. *Maleng*, 490 U.S. at 492 ("[O]nce

---

[1] The Supreme Court so held in *Carafas*, 391 U.S. at 237-238; *see also Ceasor v. Ocwieja*, 655 F. App'x 263, 275-76 (6th Cir. 2016).

the sentence imposed for a conviction has completely expired, the collateral consequences of that conviction are not themselves sufficient to render an individual 'in custody' for the purposes of a habeas attack upon it.").

Creative petitioners have attempted to overcome the jurisdictional limit by claiming that their constitutional challenges relate to a more recent detention. For example, in Petitioner's case, he might claim that the Court has jurisdiction because he is "in custody" while in federal immigration detention, effectively seeking to convert his § 2254 petition into a § 2241 petition. The Sixth Circuit rejected a similar approach to undermine a challenge to a collateral attack of a sentence enhancement in *Steverson v. Summers*, 258 F.3d 520 (6th Cir. 2001), relying upon *Daniels v. United States*, 532 U.S. 374 (2001) (Court rejected the argument in the context of a § 2255 petition), and *Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394 (2001) (Court rejected the argument in the context of a § 2254 petition). The *Coss* Court summed up its holding as follows:

> [W]e hold that once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. *See Daniels, post*, at 382. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Coss*, 532 U.S. at 403-04.[2]

---

[2] In *Daniels*, 532 U.S. at 374, and *Coss*, 532 U.S. at 394, the Court recognized an exception to the rule if the prior conviction were "obtained where there was a failure to appoint counsel in violation of the Sixth Amendment as set forth in *Gideon v. Wainwright*, 372 U.S. 335 (1963)." *Coss*, 532 U.S. at 404 (parallel citations omitted). Such a failing has a "jurisdictional significance." *Custis v. United States*, 511 U.S. 485, 494 (1994). That was not the case here; counsel was appointed for Petitioner in the Wayne County case. Indeed, Petitioner contends that his appointed counsel was constitutionally ineffective. (Pet., ECF No. 1, PageID.6.) Ineffective assistance does not carry the jurisdictional significance necessary to create an exception to the rule. Indeed, the underlying constitutional challenge in *Coss* was ineffective assistance of counsel. *Coss*, 532 U.S. at 397; *see also United States v. Morgan*, No. 3:08-cr-

Petitioner's state conviction is no longer open to direct or collateral attack in the federal courts.[3] His conviction is conclusively valid and appropriately relied upon in subsequent sentences. Moreover, the fact that Petitioner's 2010 conviction has been discharged means he is no longer in custody. This Court, therefore, does not have subject matter jurisdiction over the petition.

## IV. Certificate of Appealability

Under 28 U.S.C. § 2253(c)(2), the Court must determine whether a certificate of appealability should be granted. A certificate should issue if Petitioner has demonstrated a "substantial showing of a denial of a constitutional right." 28 U.S.C. § 2253(c)(2).

The Sixth Circuit Court of Appeals has disapproved issuance of blanket denials of a certificate of appealability. *Murphy v. Ohio*, 263 F.3d 466, 467 (6th Cir. 2001) (per curiam). Rather, the district court must "engage in a reasoned assessment of each claim" to determine whether a certificate is warranted. *Id.* Each issue must be considered under the standards set forth by the Supreme Court in *Slack v. McDaniel*, 529 U.S. 473 (2000). *Murphy*, 263 F.3d at 467. Consequently, this Court has examined each of Petitioner's claims under the *Slack* standard. Under *Slack*, 529 U.S. at 484, to warrant a grant of the certificate, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Id.* "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, the Court

---

063, 2009 WL 5167860 at *3 (S.D. Ohio Dec. 18, 2009) ("A federal defendant has no right to collaterally attack at sentencing a prior conviction used to enhance the penalty for ineffective assistance of counsel, but only for complete lack of counsel.")

[3] The Court, however, does not foreclose the possibility that Petitioner may have grounds for relief with the state courts.

may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merit of Petitioner's claims. *Id.*

The Court finds that reasonable jurists could not conclude that this Court's dismissal of Petitioner's claims was debatable or wrong. Therefore, the Court will deny Petitioner a certificate of appealability. Moreover, although Petitioner has failed to demonstrate that he is in custody in violation of the Constitution and has failed to make a substantial showing of the denial of a constitutional right, the Court does not conclude that any issue Petitioner might raise on appeal would be frivolous. *Coppedge v. United States*, 369 U.S. 438, 445 (1962).

## **Conclusion**

The Court will enter a judgment dismissing the petition for lack of subject matter jurisdiction and an order denying a certificate of appealability.


Dated:   November 13, 2019                    /s/ Paul L. Maloney
                                              Paul L. Maloney
                                              United States District Judge